**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0008-WJM

IN RE:  SAMUEL JESSE CHRISTIAN MORREALE,

    Appellant,

v.

2011-SIP-1 CRE/CADC VENTURE, LLC, and
UNITED STATES TRUSTEE, TOM H. CONNOLLY

    Appellee.

---

**ORDER DENYING EMERGENCY MOTION FOR STAY**

---

On December 8, 2014, following a three-day bench trial, United States Bankruptcy Judge Bruce A. Campbell entered an order converting Debtor Samuel Jesse Christian Morreale's ("Debtor") Chapter 11 bankruptcy case to a Chapter 7 liquidation proceeding.  (ECF No. 5-5 at 56-57.)  Debtor was ordered to turn over all records and property of the estate to the United States Chapter 7 Trustee ("Trustee"), and to file the documents necessary to allow the Trustee to liquidate the estate.  (*Id.*)  On January 2, 2015, Debtor appealed the conversion of his bankruptcy filing.  (ECF No. 2.)  The substantive issues on appeal are being briefed, and the case is not yet ripe for review on the merits.

In the bankruptcy court, Debtor filed a motion seeking a stay of the conversion order pending appeal.  (ECF No. 5-5 at 63.)  Debtor argued that denial of the stay would result in liquidation of his estate before the substantive issues could be heard on appeal.  (*Id.*)  The bankruptcy court denied that request on January 7, 2015.  (ECF No.

5-10 at 33-36.) Debtor has now filed an Emergency Motion for Stay Pending Appeal ("Motion") in this Court. (ECF No. 5.) For the reasons set forth below, the Motion is denied.

## I. LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8007 allows a party to petition the bankruptcy court and the reviewing district court for a stay pending appeal. The bankruptcy court denied Debtor's request for this relief, and the Court reviews that denial for abuse of discretion. *See In re Lang*, 305 B.R. 905, 911 (10th Cir. BAP 2004) ("The decision of whether to grant a stay pending appeal is left to the discretion of the bankruptcy court. We review this decision for an abuse of discretion."); *Farm Credit Servs. v. Freemont Sheep Corp. (In re Freemont Sheep Co.)*, 110 F.3d 73 (10th Cir. 1997) (denial of a stay pending appeal is reviewed for abuse of discretion); *see also Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839, 845-47 (E.D. Cal. 2006) ("Among the federal district courts overseen by the Ninth Circuit, the abuse of discretion standard has been explicitly applied several times in deciding motions for stay pending appeal under Bankruptcy Rule 8005.").

Under the abuse of discretion standard, a bankruptcy court's decision will not be disturbed unless the "adjudication of the contempt proceedings is based upon an error of law or a clearly erroneous finding of fact." *In re Armstrong*, 304 B.R. 432, 434 (10th Cir. BAP 2004). "An abuse of discretion occurs when the trial court's decision is arbitrary, capricious or whimsical or results in a manifestly unreasonable judgment." *In re Lang*, 305 B.R. at 908 (internal quotations omitted). "As one court has put it, the question is not how the reviewing court would have ruled, but rather whether a

reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.*

## II.  ANALYSIS

When deciding whether to stay an order pending appeal, the Court considers four factors:  (1) whether the party seeking the stay has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *See In re Fremont Sheep Co.*, 110 F.3d 73 (10th Cir. 1997) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).   The burden of proof is on the applicant for a stay pending appeal, and it is a heavy burden.  *In re Taub*, 470 B.R. 273, 277 (E.D.N.Y. 2012); *In re Gen. Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009).

The Court finds that Debtor has failed to meet his burden of showing a likelihood of success on the merits.  In this appeal, Debtor contends that the bankruptcy court erred in finding cause pursuant to 11 U.S.C. § 1112(b)(4) to convert his Chapter 11 petition to a Chapter 7 liquidation.  (ECF No. 2.)  To prevail on appeal, Debtor must show that the bankruptcy court's factual findings underlying the conversion were clearly erroneous.  *In re Fremont Sheep Co.*, 110 F.3d at 73.  This is an exceedingly high burden that "requires the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Section 1112(b)(4) of the Bankruptcy Code lists sixteen non-exclusive methods

of finding cause to convert a Chapter 11 case.  Judge Campbell found cause in this case pursuant to Section 1112(b)(4)(A) ("substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation") and 1112(b)(4)(I) ("failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief").  (ECF No. 5-10 at 12.)  Either of these grounds independently constitutes sufficient cause to convert the Debtor's filing.  See 11 U.S.C. § 1112(b)(1) (stating that the bankruptcy court "shall convert" a case upon any finding of cause).  Thus, to prevail on appeal, Debtor has to show that the factual findings underlying both of the bankruptcy court's causes for conversion were clearly erroneous.

The bankruptcy court found cause to convert pursuant to Section 1112(b)(4)(I) because the Debtor had not filed 2013 tax returns.  (ECF No. 5-10 at 11.)  Debtor argues that this finding was clearly erroneous because the only evidence presented at trial on this point was from the Debtor's CPA, who testified that he advised the Debtor that he did not have to file a tax return because he had adjusted gross losses in 2013. (ECF No. 5 at 5.)  However, the bankruptcy court explicitly found that the Debtor's CPA was "not credible".  (ECF No. 5-10 at 9.)  The bankruptcy court's credibility determination is reviewed with "great deference" and "sustained unless it is clearly erroneous." *Felkner v. Jackson*, — U.S. —, 131 S.Ct. 1305, 1307 (2011) (internal quotation marks and citations omitted).  There is nothing here to show clear error.

The Debtor alleges that he has filed his 2013 tax return since the bankruptcy court issued its order, and argues that the bankruptcy court erred in refusing to give him time to file this return before converting his case.  (ECF No. 5 at 5-6.)  However, there is

4

no indication in the record that Debtor requested additional time to cure his deficiency by filing his tax return.  Rather, it appears Debtor consistently took the position that he was not required to file a 2013 tax return.  (ECF No. 5-10 at 9-10.)  Thus, the Court finds that Debtor has failed to show that he is likely to prevail on his argument that the bankruptcy court's finding of cause pursuant to Section 1112(b)(4)(I) was clearly erroneous.

Moreover, even if the Court were to find that the Debtor's late filing of his 2013 tax return cured any deficiency and eliminated cause under Section 1112(b)(4)(I), Debtor still must show that the bankruptcy court's alternate basis for cause—Section 1112(b)(4)(A)—was also clearly erroneous.  The bankruptcy court found cause under Section 1112(b)(4)(1) based on its findings that the Debtor's estate was "hemorrhag[ing] professional fees" and that there was an "absence of reasonable likelihood of rehabilitation".  (ECF No. 5-10 at 11-12.)

With regard to the professional fees, Debtor contends that the bankruptcy court's finding is clearly erroneous because the professional fees incurred by the Debtor have not been approved by the bankruptcy court and "[u]nless and until the professional fees are approved, they are not owed by the Debtor."  (ECF No. 13 at 3.)  This argument does not convince the Court that the bankruptcy court's finding regarding professional fees was clearly erroneous.  The bankruptcy court noted that Debtor had already incurred $150,000 in professional fees, and this figure did not include the final preparations for the three-day trial, at which Debtor had three lawyers present most of the time.  (ECF No. 5-10 at 12.)  Debtor does not dispute these facts, and the Court concludes that they are supported by the record.  In fact, the record shows that Debtor's

counsel has sought approval for payment of $224,835 in fees and $4,021 in costs. (ECF No. 13-5 at 24.)  On this record, the bankruptcy court's finding that the Debtor's estate is "hemorrhaging professional fees" is anything but clearly erroneous.

Debtor also argues that, even if his estate was being depleted by professional fees, the bankruptcy court should not have found cause under Section 1112(b)(4)(A) because there was a reasonable likelihood of rehabilitation. (ECF No. 5 at 4.)  Debtor concedes that his initial plan was a liquidation plan, and did not contemplate reorganization. (*Id.*)  However, Debtor contends that the bankruptcy court should have allowed him more time to work with creditors and file an amended plan that would have been focused on reorganization. (*Id.*)

The bankruptcy court correctly noted that the Debtor's plan in place at the time of the hearing on the motion to convert was a liquidation plan. (ECF No. 5-10 at 11.) The Court recognizes that the Debtor has filed a new plan since the conversion order was entered, but such subsequent actions do not make the bankruptcy court's findings clearly erroneous.  While it would have been within the bankruptcy court's discretion to delay converting the case to allow the Debtor time to come up with a new reorganization plan, the court's failure to do so is not error.  It was certainly within the bankruptcy court's discretion to determine that the Debtor would be unable to rehabilitate his estate, and to order conversion of the case to a Chapter 7 liquidation case before the assets could be completely decimated by professional fees.

On the instant Motion, the "probability of success is demonstrated when the petitioner seeking the stay has raised 'questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of

more deliberate investigation.'" *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 853 (10th Cir. 2003). On the record before the Court, and particularly given the deferential standard of review, the Court concludes that Debtor has not shown a likelihood of success on the merits of his appeal.

Moreover, the Court concludes that the other factors do not weigh so strongly in favor of granting a stay that the Court can ignore the Debtor's failure to show a likelihood of success on the merits. While the Debtor has shown that he will suffer significant harm in the absence of a stay because his estate will be liquidated, the Court concludes that the creditors will suffer harm if a stay is imposed because the assets of the estate will continue to be depleted.[1] Taken together, these factors neither favor nor disfavor a stay. The Court also concludes that there are countervailing considerations on both sides of the public interest factor such that it is neutral.

Given the above, the Court concludes that Debtor has failed to show that the bankruptcy court abused its discretion in denying his request for a stay of the conversion order pending appeal. Moreover, even if the Court were considering the request for a stay *de novo*, the Court concludes that Debtor has failed to meet his "heavy burden" of showing that such relief is appropriate in this case. *In re Taub*, 470 B.R. at 277.

### III. CONCLUSION

For the reasons set forth above, Debtor's Emergency Motion for Stay Pending Appeal (ECF No. 5) is DENIED.

---

[1] The Court notes that Debtor has taken the position that he has no assets to fulfil a bond that could be put in place to protect the creditors during the appeal. (*See* ECF No. 5 at 7.)

Dated this 30th day of January, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge